### COMMONWEALTH *vs.* EMMA NORTON.
### SAME *vs.* MARY HAWKS.

Formal objections to a complaint on which a conviction has been had in a police court cannot for the first time be made, under *St.* 1864, *c*. 250, § 2, after the case has been brought to the superior court by appeal.

The Gen. Sts. *c*. 165, § 28, concerning idle and disorderly persons and night-walkers, are not repealed by *St.* 1866, *c*. 235, concerning vagrants.

THE *first* of these cases was a complaint against the defendant, made originally in the police court of Boston, and charging that the defendant on " September 24th 1865, and from that day to March 24th 1866, at said Boston, did habitually walk the streets of said city in the night time for the purpose of prostitution, and was and now is a common night-walker, against the peace," &c. At the trial in the superior court, on appeal, before *Ames, J.,* the defendant moved that the complaint be dismissed, because " the time is not set forth with sufficient certainty, and the same is bad for duplicity, and there is no sufficient statement of the offence ; " but the motion was overruled, and the defendant was found guilty, and alleged exceptions.

The *second* was a complaint, also made originally in the police court of Boston, and charging that " the defendant, on the fourth day of December in the year of our Lord one thousand eight hundred and sixty-five, and on divers other days and times between that day and the fourth day of June in the year of our Lord one thousand eight hundred and sixty-six, at said Boston, was and is an idle and disorderly person, and at said Boston on said days and times has neglected all lawful business and habitually misspent her time by frequenting houses of ill-fame, gaming-houses and tippling-shops, against the peace," &c. At the trial in the superior court, on appeal, the defendant moved that the complaint be dismissed, and afterwards moved in arrest of judgment, on the ground that no offence was set forth in the complaint; that the *St.* of 1866 as to vagrants virtually repeals all former laws as to idle and disorderly persons; and that the complaint is wanting in legal certainty and precision. These

motions were overruled. The defendant was found guilty, and appealed to this court.

The two cases were argued together.

*C. H. Hudson,* for the defendants.

*Reed,* A. G., for the Commonwealth.

BIGELOW, C. J. The motions to dismiss came too late. They should have been made in the police court, according to the requirement of *St.* 1864, *c.* 250, §§ 2, 3. *Commonwealth* v. *Walton,* 11 Allen, 238. For the same reason the motion in arrest, being for a matter existing before a plea to the merits, and not affecting the jurisdiction of the court, could not be entertained. Therefore the supposed informalities and defects in the complaint cannot avail the defendants.

The complaint embraces a charge under Gen. Sts. *c.* 165, § 28. This section is not repealed by *St.* 1866, *c.* 235, § 1. Idle and disorderly persons, who neglect lawful business and habitually misspend their time by visiting houses of ill-fame and other places of bad repute, embrace a class which do not necessarily come within the description of the latter statute as " idle persons, who, not having visible means of support, live without lawful employment." But if it were otherwise, the description in the complaint would cover an offence under *St.* 1866, *c.* 235, and would warrant a conviction, although the complaint might have been informal and insufficient, and would have been quashed, if the defect had been seasonably taken advantage of by the defendant. *Exceptions overruled*